Caruthers, J.,
delivered the opinion of the Court.
This is an action of slander for the imputation of perjury.
The actionable words used by the defendant wore in substance, that the plaintiff was examined as a witness in the Circuit Court of Jackson, in a suit then pending by appeal, in which Maria Manors was plaintiff, and the said Pharis defendant, and that he falsely swore that he had no interest in the suit, and had given no counsel or advice to Mrs. Maners in relation to the suit, and was, therefore, guilty of the crime of perjury.
The defendant plead not guilty, the statute of limitations, and justification — that the charge was true. Upon this last plea the contest was made, and the jury found it for the defendant.
We find nothing in the errors assigned in the argument for the plaintiff entitled to consideration, except the rulings of the court in relation to the evidence of character.
Milton Draper was asked by defendant’s counsel. “ was it not generally reported and believed in the neighborhood of plaintiff that he burnt Pharis’ crib.” This question was objected to, but allowed and answered in the affirmative. Several other witnesses were permitted to answer the same and similar questions, in relation to that and other reports against him in relation to the crimes of perjury, larceny, &c. This was certainly going beyond all the cases and authorities on that subject. The plaintiff’s general character, and that only, upon the trait involved in the charge, in this case false swearing, is put in issue, in actions of slander. 1 Green. Ev., 55; 11 Hump., 614. Ho is supposed to be always prepared to defend that, when be sues for character, but net all the special charges that may be brought against him, and not even his general character upon traits not involved in the *624 charge. Much less is he presumed to be ready to meet all that report and rumor may have thrown out against him. The only charge upon his character, which is open for investigation, is that for which he sues — in this case, the perjury specified. Nor can that be proven unless there be a plea of-justification avering its truth. It would be a very strange incongruity in the law to exclude all evidence of the truth of the very charge upon which the suit is brought, unless notice is given to the plaintiff, by a very special plea, and not even then, by rumor or report, (2 Greenleaf, 426,) but still allow proof of other crimes, and even rumors and suspicions of crimes of equal enormity.
It was going a good ways, and against a heavy current of authority, (2 Green. Ev., 275,) to admit proof in mitigation of damages, under the general issue, that “ it was generally reported and believed that the words spoken’' by the defendant “ were true.” West v. Walker, 2 Swan, 33. But this case has been adhered to, and is not now disapproved, but is ic-regarded as standing upon good reason, and respectable authority. That rulo is, of course, confined to the. specific charge on which the suit is based. The practice adopted in lliis case would render these actions, already expensive and protracted, interminable and ruinous. Instead of confining the proof strictly to the truth or falsehood of the charge of perjury in the specified case, other perjuries, larcenies, arsons, <fec., would have to be investigated.
The error is too palpable for debate. All the evidence in the case, and there is a volume of it, in which the plaintiff is impeached upon general character as a witness, is irrelevant and improper. Witnesses can only be properly interrogated as to his general character as to the crime of'perjury, not whether they would believe him or not. That is not, material to the issue. The question is whether he has sworn falsely in the case specified, and that is not to be decided by the opinions of witnesses, but the proof of facts. But his general character on the subject of swearing is open for investigation, not any particular instance even of that *625 offence. But not even his general character as to any other trait can be gone into, much less particular offences; and still less, rumors and reports as to other crimes.
Let the judgment be reversed, and the case remanded for a new trial.